UNITED STATES RUBBER RECLAIMING CO., Inc., v. MANCHESTER
RUBBER CO.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—INSTRUCTIONS—THEORIES OF
CASE.

> In an action for goods sold, where the undisputed evidence showed a
> sale by sample, and where the only question for the jury was whether
> they were according to sample, instructions submitting the question of
> a sale by sample, and from which the jury might find for plaintiff, either
> upon a finding that they were not sold by sample or that they conformed
> to sample, were prejudicial, as permitting a finding for the same party
> upon two theories, only one of which was sustainable by the evidence.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220;
> Dec. Dig. § 1066.*]

Appeal from City Court of New York, Trial Term.

Action by the United States Rubber Reclaiming Company against
the Manchester Rubber Company. From a judgment entered upon a
verdict rendered in favor of the plaintiff, defendant 'appeals. Re-
versed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and
WHITAKER, JJ.

Louis Halle, of New York City (Lloyd M. Howell and Roger
Hinds, both of New York City, of counsel), for appellant.

Thomas J. Falls, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for goods
sold and delivered. The answer sets up that the sale was by sample
and the goods were not in accordance with the sample. The undis-
puted evidence shows that the sale was by sample, and the only ques-
tion of fact for the jury was whether the goods were according to
sample. Nevertheless the trial justice charged the jury:

"The defendant gives as the reason for not paying this bill the fact, as it is
urged affirmatively, that the goods were sold by sample; that the goods were
inferior to sample; that they were inferior for the purpose for which they
were used. * * *

"The plaintiff *denies in turn the fact that' these goods were sold by sample.
It tells you that the goods were ordered without reference to any sample,* and
were delivered as ordered; that they were not defective in quality, and were
proper material for the purpose for which they were to be used by the de-
fendant.

"The defendant having set up the affirmative defense of failure to conform
to sample and quality, the burden is thrown upon it to sustain its allegations
by a preponderance of evidence. * * *

"After you have considered the evidence, if you believe that the defendant
has maintained the allegations which it has made in support of the counter-
claim which has been presented here, and *that these goods were sold by sam-
ple,* and that they did not conform to sample, and that they were defective,
and that the defendant has been damaged thereby, then you will render a
verdict in favor of the defendant for the sum which you consider will com-
pensate it for the damages it has sustained, taking into consideration the
evidence which has been presented upon that subject.

"If you believe the version of this transaction as told you by the plaintiff,

that *these goods were not sold by sample, but were sold as ordered*, that they were in compliance with the order which was given, *or, if there was a sample*, that they did conform to that sample, and that they were goods which are understood in the trade at large to be in compliance with the order for goods of this character and description, then your verdict will be in favor of the plaintiff. * * * "

At the close of the charge, the defendant's counsel asked the court to charge that:

"Under the evidence as a matter of law this was a sale by sample."

And the court replied:

"I refuse to charge. *I charge that is a fact for the jury to determine from the evidence.*"

I have quoted every part of the charge which states for the jury the questions they must determine. Throughout this charge they are informed that to establish its defense the defendant must show a sale by sample, and that the jury must determine this question from the evidence. The jury could, in compliance with this charge, base a verdict in favor of the plaintiff either upon a finding of fact that the goods were not sold by sample, or upon a finding that the goods conformed to sample. The parties are entitled to a charge which correctly lays before the jury the questions of fact for them to decide, and where the court falls into the error of permitting the jury to find in favor of one party upon two theories, where there is only one theory which could be sustained by the evidence, the error is, in my opinion, certainly prejudicial.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.